FILED
 2011 Dec-14  AM 11:08
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH EDWARD GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:10-cv-02624-LSC |
| ) | |
| CITY OF BIRMINGHAM, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff Kenneth Edward Giles filed the above-numbered cause of action, *pro se*, on September 29, 2010, against the City of Birmingham and the City of Fairfield. (Doc. 1.)  In the Complaint, Plaintiff alleged Defendants were liable under 42 U.S.C. § 1983 ("§ 1983"), and requested damages in the amount of three million, eleven thousand, two hundred and fifty dollars.  (*Id.*)  After the Court granted the City of Fairfield's motion for more definite statement, Plaintiff filed an Amended Complaint that added Birmingham Police Officer # 3399 and an unknown Fairfield Officer as defendants in their official capacities and included additional state law claims for negligent hiring, training, and supervision.  (Doc. 8.)  On April 11, 2011, the Court

dismissed the City of Fairfield and its police officer, pursuant to a joint stipulation filed by the parties on April 8th.  The Court now has for consideration a motion to dismiss, filed by the City of Birmingham and Officer # 3399. (Doc. 19.)  The issues raised in Defendants' motion have been fully briefed by the parties and are ripe for decision.  Upon due consideration and for the reasons stated herein, Defendants' motion to dismiss will be granted in all respects.

II.   Background.

On January 12, 2010, Plaintiff allowed his daughter to drive his vehicle to a nearby fast food restaurant.  Five minutes later, he received a phone call from his daughter saying she had been stopped by the police.  When Plaintiff arrived at the scene, he saw several Birmingham police officers searching his vehicle.  He asked the officers why they were searching the vehicle and said they needed a warrant.  The officers laughed and Officer # 3399 told Plaintiff that he would arrest him if he did not get away from the vehicle.  A City of Fairfield police vehicle arrived about twenty minutes later.  Plaintiff told the Fairfield officer that he was the owner of the vehicle and would secure it.  The Fairfield officer "seized" the vehicle and gave it to Weil Wrecker Service. (Doc. 8 ¶ 24.)  Plaintiff had to pay to recover his vehicle.

III.     Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations,

---

[1] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52).

However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997). While the Court is required to show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

IV. Discussion.

    A. Fourth and Fourteenth Amendment Claims.

In Count I of the Amended Complaint, Plaintiff contends that Defendants are liable for violating his Fourth and Fourteenth Amendment rights because his vehicle was seized without a warrant. (Doc. 8 ¶¶ 26-27.) Although the Amended Complaint makes no reference to § 1983, the Court notes that the statute was cited in Plaintiff's initial Complaint and broadly construes this *pro se* claim as a § 1983 claim.

Plaintiff has sued Officer # 3399[2] in his official capacity. (Doc. 8 at 1.) "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quotations omitted). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Id*. Because Plaintiff also sued the City of Birmingham, his suit against Officer # 3399 will be dismissed as redundant.

Local governments, like the City of Birmingham, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "[I]t is by now axiomatic that

---

[2]The City of Birmingham identifies Officer # 3399 as Officer Shaun Deane. (Doc. 19 ¶ 1.)

in order to be held liable for a § 1983 violation, a municipality must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1145 (11th Cir. 2007) (emphasis in original) (citations omitted). In order to establish a § 1983 claim against the City of Birmingham, Plaintiff must show that his purported constitutional injury is "the result of the city's unlawful policy or custom." *Id.* (quotations omitted).

In other counts of the Amended Complaint, Plaintiff makes broad allegations that the City of Birmingham failed to properly hire, train, and/or supervise its officers. The Court may construe that purported failure to train or supervise as a "policy or custom." However, "there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). A plaintiff must establish "that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* at 1350. Even if the Court assumes Plaintiff suffered a constitutional injury, he has not alleged any facts that would show the City of Birmingham was aware of prior unlawful seizures and made a deliberate choice not to take any action to stop the misconduct. Because

Plaintiff has not pled sufficient facts to state a municipal liability claim that is plausible on its face, his § 1983 claim against the City of Birmingham will also be dismissed.

  B. State Law Claims.

In three additional counts, Plaintiff sues "Defendants" for negligent hiring, training, and supervision under state law. A district court may decline to exercise jurisdiction over state law causes of action if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because this Court has concluded that Plaintiff's § 1983 claims must be dismissed, the Court declines to exercise jurisdiction over the associated state law claims.

V. Conclusion.

For the reasons outlined above, Defendants' motion to dismiss (Doc. 19) will be granted. A separate order will be entered.

Done this <u>14th</u> day of <u>December 2011</u>.

               _____
               L. SCOTT COOGLER
           UNITED STATES DISTRICT JUDGE
                    139297